Payam Shahian (SBN 228406)
pshahian@slpattorney.com
STRATEGIC LEGAL PRACTICES, APC
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone:   (310) 277-1040
Facsimile:    (310) 943-3838

Dara Tabesh (SBN 230434)
(application for admission submitted and pending)
DTabesh@gmail.com
201 Spear St. Ste. 1100
San Francisco, CA 94105
Telephone:   (415) 595-9208
Facsimile:    (415) 651-8639

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALI ASGHARI, AUGUSTINO LAMIA, BARBARA CALVER, SUPALAK PRASOBRATANA, and DANIEL TRAN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, AND AUDI AG,<br><br>Defendants. | Case No.: 4:12-cv-02177 CW<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S REFERENCES TO OWNER'S MANUALS**<br><br>Date:       December 13, 2012<br>Time:      2:00 P.M.<br>Location:  Courtroom 2 – 4th Floor<br><br>Assigned to the Honorable Hon. Claudia Wilken |

## EVIDENTIARY OBJECTIONS

Plaintiffs hereby object to each and every reference in Defendant's Motion to Dismiss ("MTD") to the Owner's Manuals as irrelevant, misleading, and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403.

Plaintiffs' First Amended Complaint alleges that Defendant knew and concealed the oil consumption defect that is contained in every Class Vehicle, along with the attendant safety problems and associated costs—including the frequent supplemental oil costs between regularly scheduled oil changes—from Plaintiffs and the other Class Members at the time of sale and thereafter.  (First Amended Complaint ¶ 10, 59, 82-88, 98-101.)  In its Motion to Dismiss, Defendant contends that the Class Vehicle's rate of oil consumption was disclosed to consumers through the Owner's Manuals.  Defendant's references to the Owner's Manuals, however, are irrelevant and misleading.  (*See* MTD at 1:2-13, 3:16-5:6.)

Specifically, Defendant asserts that "Plaintiffs cannot plausibly allege that they were misled by VWGoA with regard to the rate of oil consumption they could reasonably expect to experience" because the Owner's Manuals ostensibly informed purchasers "of the many factors that impact on the rate of oil consumption, of the need to 'check your oil each time you fill your tank,' and of the need to 'top off oil' between oil change intervals, and even 'strongly recommend[ed] that you always carry with you an extra quart (liter) of oil . . . in case you have to top off the oil while on the road[.]'"  (*See* MTD at 1:2-13 & 3:16-17.)

Although Defendant admits that consumers may need to add additional oil to avoid engine damage, disclosure of this fact (MTD at 3:16-5:6) in the Owner's Manual for the Class Vehicles is irrelevant to Plaintiffs' CLRA claim, as the Owner's Manual is provided upon *delivery* of a purchased vehicle, not prior to purchase.[1]  *See Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 334 ("The phone cards in question, whose outer packagings do not reveal the practice of rounding up, are prepaid.  A consumer cannot read any materials provided by the carrier with the card before buying the card, which will advise him or her of the practice.") (reversing dismissal of UCL claim); *Tait v. BSH Home Appliances*

---

[1] Indeed, the warranty booklet specifically notes that Owner's Manual is provided "As you take delivery of your new Audi."  (*See* Docket No. 25-1 [Winterman Declaration] Ex. A at 21 & Ex. C at 3.)

*Corp.*, 2011 U.S. Dist. LEXIS 103584, at *7 (C.D. Cal. Aug. 31, 2011) ("Defendant's attempt to rebut this allegation by arguing that Defendant provided information on the extra efforts needed to clean the machines in its Use and Care Manual, or that complaints about the product were available on the internet, is unavailing. The Use and Care Manuals were available to consumers only *after* they bought the machines.") (denying motion to dismiss claims brought under CLRA and UCL).

Moreover, any reference to the Owner's Manual is misleading because Defendant's disclosure of the alleged oil consumption defect was not truthful. Rather than disclosing that the subject vehicles suffer from an engine defect that is also a serious safety concern and will require a frequent number of oil changes/additions between scheduled oil changes, and major engine repairs that will cost consumers hundreds to thousands of dollars, Defendant tried to conceal the defect (as it continues to do so to this date) by contending in its Owner's Manual that consuming up to 1/2 quart of oil per 600 miles is a normal condition.

Put simply, Defendant's post-purchase disclosures cannot serve as the basis for dismissing a CLRA claim based on a duty to disclose at the time of lease or sale. Accordingly, Defendant's references to the Owner's Manuals are irrelevant, misleading, and unduly prejudicial, and Plaintiffs' objections ought to be sustained.

Dated: November 6, 2012　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Strategic Legal Practices, APC

　　　　　　　　　　　　　　　　　　By: /s/
　　　　　　　　　　　　　　　　　　Payam Shahian (SBN 228406)
　　　　　　　　　　　　　　　　　　pshahian@slpattorney.com
　　　　　　　　　　　　　　　　　　STRATEGIC LEGAL PRACTICES, APC
　　　　　　　　　　　　　　　　　　1875 Century Park East, Suite 700
　　　　　　　　　　　　　　　　　　Los Angeles, California 90067
　　　　　　　　　　　　　　　　　　Telephone: (310) 277-1040
　　　　　　　　　　　　　　　　　　Facsimile: (310) 943-3838

　　　　　　　　　　　　　　　　　　Dara Tabesh (SBN 230434)
　　　　　　　　　　　　　　　　　　DTabesh@gmail.com
　　　　　　　　　　　　　　　　　　201 Spear St. Ste. 1100
　　　　　　　　　　　　　　　　　　San Francisco, CA 94105
　　　　　　　　　　　　　　　　　　Telephone: (415) 595-9208
　　　　　　　　　　　　　　　　　　Facsimile: (415) 651-8639

|   |   |
|---|---|
| 1 | Mark Yablonovich (SBN 186670)<br>mark@yablonovichlaw.com |
| 2 | Neda Roshanian (SBN 225337)<br>neda@yablonovichlaw.com |
| 3 | Michael Coats (SBN 258941)<br>michael@yablonovichlaw.com |
| 4 | LAW OFFICES OF MARK YABLONOVICH<br>1875 Century Park East, Suite 700 |
| 5 | Los Angeles, California 90067-2508<br>Telephone: (310) 286-024 |
| 6 | Fax: (310) 407-5391 |
| 7 | Attorneys for Plaintiffs |

3

PLAINTIFFS' EVIDENTIARY OBJECTIONS