Payam Shahian (SBN 228406)
Pshahian@slpattorney.com
Karen E. Nakon (SBN 278423)
KNakon@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1875 Century Park East, Suite 700
Los Angeles, California 90067
Telephone:  (310) 277-1040
Facsimile    (310) 943-3838

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| ALI ASGHARI, DANIEL TRAN, YUNG KIM, ARA DERSARKISSIAN, and KATRINA NOBLE individually, and on behalf of a class of similarly situated individuals,<br><br>                Plaintiffs,<br><br>        vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, AND AUDI AG,<br><br>                Defendants. | Case No.:  CV13-02529-MMM-(JEMx)<br><br>**CLASS ACTION**<br><br>Hon. Margaret M. Morrow<br><br>**SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:     October 20, 2014<br>Time:    10:00 a.m.<br>Place:    Courtroom 780<br><br><br>Complaint Filed:  May 1, 2012<br>Trial Date:          None set |

**Strategic Legal Practices, APC**
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CALIFORNIA 90067

**DECLARATION OF PAYAM SHAHIAN**

I, Payam Shahian, declare:

1.     I am an attorney admitted to the Bar of the State of California and the United States District Court, Central District of California.  I am a Shareholder of Strategic Legal Practices, APC ("Strategic"), counsel of record for Plaintiffs Ali Asghari, Daniel Tran, and Katrina Noble in the above-captioned matter.  My knowledge of the information and events described herein derives from a combination of my personal knowledge and a careful review of the file, relevant court records and communications with co-counsel, and if called as a witness, I could and would competently testify thereto.  I submit this supplemental declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

2.     On September 22, 2014, Plaintiffs filed their Motion for Preliminary Approval of the Class Action Settlement ("Motion").  The executed Settlement Agreement was attached as Exhibit A to my supporting declaration, which was filed concurrently with the Motion.  In my declaration, I explained that the parties were in the process of finalizing the summary notice for publication, which will be provided to the Court in advance of hearing on the Motion.  (*See* Declaration of Payam Shahian, ¶ 27 n.4.)

3.     The parties have now finalized the summary notice for publication, which I submit to the Court as an exhibit to the previously-filed Settlement Agreement.  (A true and correct copy of the Settlement Agreement, including the summary notice of publication attached as Exhibit 6 thereto, is attached as Exhibit A.)

///

Strategic Legal Practices, APC
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CALIFORNIA 90067

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1    I declare under penalty of perjury under the laws of the United States of

2   America that the foregoing is true and correct.  Executed on October 1, 2014 at

3   Los Angeles, California.

4

5   _____

6   Payam Shahian

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Strategic Legal Practices, APC**
1875 CENTURY PARK EAST, SUITE 700, LOS ANGELES, CALIFORNIA 90067

SUPPLEMENTAL DECLARATION OF PAYAM SHAHIAN ISO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

# Exhibit A to Shahian Declaration

*Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.*

Case No. 2:13-cv-02529 (MMM)(VBKx)

## SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is entered into between Plaintiffs Ali Asghari, Daniel Tran, Yung Kim, Ara Dersarkissian, and Katrina Noble, on behalf of themselves and members of the class of individuals defined in this Agreement ("Plaintiffs" or "Representative Plaintiffs"), on the one hand, and Defendants Volkswagen Group of America, Inc., Audi AG and Volkswagen AG (collectively, "Defendants"), on the other hand (Plaintiffs and Defendants are collectively referred to herein as the "Parties"), to fully and finally settle, resolve and dismiss with prejudice all claims and litigation that were or could have been brought, relating to alleged improper or excessive Oil Consumption of Settlement Class Vehicles, in the action captioned: *Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.,* Case No. 2:13-cv-02529 (MMM)(VBK), U.S. Distr. Ct., C.D. Cal. (the "Action").


## RECITALS

WHEREAS, Plaintiffs Ali Asghari, Daniel Tran, Yung Kim, Ara Dersarkissian, and Katrina Noble ("Plaintiffs" or "Representative Plaintiffs") have filed the above-referenced Action as a putative class action against Defendants, claiming that due to alleged engine defects, the Settlement Class Vehicles consume improper or excessive amounts of engine oil.

WHEREAS, the Plaintiffs seek damages and injunctive relief, and assert that the Litigation should proceed as a class action;

WHEREAS, Defendants deny Plaintiffs' allegations and claims. Defendants maintain that the Settlement Class Vehicles do not consume improper or excessive amounts of engine oil; that the Settlement Class Vehicles are not defective, that no applicable warranties were breached nor applicable statutes violated, that the Settlement Class Vehicles were properly designed,

1

manufactured, distributed, marketed, advertised, warranted and sold, and that Defendants have not engaged in any wrongdoing;

WHEREAS, the Parties, following discovery, investigation and careful analysis of their respective claims and defenses, and with full understanding of the risks, expense and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were or could have been brought in the Action by or on behalf of Plaintiffs and members of the Settlement Class with respect to improper or excessive oil consumption of the Settlement Class Vehicles;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the underlying settlement shall constitute or be construed as any admission of liability or wrongdoing on the part of Defendants or any Released Party, which is expressly denied, or that the Plaintiffs' claims or similar claims are or would be suitable for class treatment if the Action proceeded through litigation and trial;

WHEREAS, this Settlement Agreement is the result of arm's length negotiations between the Parties, and is fair, adequate and reasonable and was entered into with the assistance of, and following a mediation conducted by, (Ret.) Justice Harold Wiener;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## I. DEFINITIONS

### A.     "Claim" or "Claim for Reimbursement"

"Claim" or "Claim for Reimbursement" shall mean the timely submission of the required form and proof in which a Settlement Class Member seeks to claim reimbursement available under this Settlement Agreement.

**B.**     **"Claim Administrator"**

The "Claim Administrator" shall mean Rust Consulting, Inc.

**C.**     **"Claim Form"**

"Claim Form" refers to the form used to request reimbursement under this Agreement, substantially in the form attached hereto as Exhibit 1.

**D.**     **"Court"**

"Court" refers to the United States District Court for the Central District of California.

**E.**     **"Settlement Class" or "Settlement Class Members"**

"Settlement Class" or "Settlement Class Members" refers to: "All persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I.G. of this Agreement, in the United States of America."

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

3

F.     "Lead Class Counsel" or "Lead Settlement Class Counsel"

"Lead Class Counsel" or "Lead Settlement Class Counsel" are Strategic Legal Practices APC and Capstone Law, APC.

G.     "Settlement Class Vehicle"

"Settlement Class Vehicles" means any 2009 model year Audi A4 vehicle, 2010 model year Audi A4 and Audi A5 vehicle, and 2011 model year Audi A4, Audi A5 and Audi Q5 vehicle, originally equipped with a factory-installed 2.0 liter TFSI longitudinal engine bearing Audi internal engine code CAEB ("CAEB Engine"), imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States of America or Puerto Rico.

H.     "Effective Date"

"Effective Date" means the first date after (1) the Court enters a Final Order and Judgment approving the Settlement Agreement, substantially in the form attached hereto as Exhibit 2, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs or incentive payments, have expired or been exhausted in such a manner as to affirm the Final Order and Judgment.

I.     "CAEB Engine"

"CAEB Engine" is the 2.0 liter TFSI longitudinal engine bearing Audi internal engine code CAEB, with which the Settlement Class Vehicles were factory equipped.

J.     "Oil Consumption"

 "Oil Consumption" refers to the alleged condition of excessive consumption of engine oil by the Settlement Class Vehicles, including the manner, extent, volume, frequency and rate in which the Settlement Class Vehicles and their engines utilize and consume engine oil.

4

### K. "Service Adjustment"

"Service Adjustment" shall mean the following service by an authorized Audi dealer with respect to Settlement Class Vehicles: (1) replacement of the crankcase pressure regulating valve, front crankshaft seal and front crankshaft bolt and (2) updating the Engine Control Module (ECM) software to match the new part(s) referred to in (1) above, consistent with any applicable Audi Technical Service Bulletin that is in effect at the time the Service Adjustment is performed.

### L. "Notice Date"

"Notice Date" means the date by which Defendants shall mail notice of this Settlement to the Settlement Class.  The Notice Date shall be on or within 100 (one hundred) days after the Court enters a Preliminary Approval Order, substantially in the form attached hereto as Exhibit 3.

### M. "Proof of Repair Expense"

"Proof of Repair Expense" shall take the form of an original or legible copy of a receipt, invoice or other record, or some combination thereof, identifying the date of repair, the make and model of the vehicle, the vehicle identification number of the Settlement Class Vehicle, the mileage of the vehicle at the time of repair, the facility that performed the repair, a description of the work performed, including a breakdown of parts and labor costs, and proof of the sum of money paid by (or on behalf of) the Settlement Class Member, for a repair or replacement for which reimbursement is available under the terms of this Settlement.

### N. "Released Claims" or "Settled Claims"

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, actions, rights of action, remedies of any kind and/or causes of action of every nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, regardless of any legal theory, existing now or

5

arising in the future, by Plaintiffs and any and all Settlement Class Members based on Oil Consumption of Settlement Class Vehicles including the engines and their components as relating to Oil Consumption, whether arising under statute, rule, regulation, common law or equity, and including, but not limited to, any and all claims, causes of action, rights or entitlements under any federal, state, local or other statute, law, rule and/or regulation, any consumer protection, consumer fraud, unfair business practices or deceptive trade practices laws, any legal or equitable theories, any claims or causes of action in tort, contract, products liability, negligence, fraud, misrepresentation, concealment, consumer protection, restitution, quasi contract, unjust enrichment, express warranty, implied warranty, secret warranty and/or any injuries, losses, damages or remedies of any kind, in law or in equity, under common law, statute, rule or regulation, including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, restitution, or any other legal or equitable relief.  This release expressly exempts claims for personal injuries and property damage (other than damage to the Settlement Class Vehicle related to Oil Consumption).

O.     **"Released Parties"**

"Released Parties" shall mean Volkswagen Group of America, Inc., Audi AG, Volkswagen AG, all designers, manufacturers, assemblers, distributors, importers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers and servicers of Settlement Class Vehicles and each of their component parts and systems, all dealers, lessors and retailers of Settlement Class Vehicles, and all of the aforementioned persons' or entities' past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns, representatives, attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees, vendors and representatives.

P.     **"In-Service Date"**

"In-Service Date" shall mean the date on which a Settlement Class Vehicle was delivered to either the original purchaser or the original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

Q.     **"Class Counsel" or "Plaintiffs' Counsel"**

"Class Counsel" or "Plaintiffs' Counsel" shall mean Strategic Legal Practices APC, Capstone Law, APC, Diversity Law Group, P.C., Law Office of Choi & Associates, Eco Tech Law Group, P.C. and the Law Office of Hovanes Margarian

## II.     SETTLEMENT CONSIDERATION

In consideration for the full and complete Release of all Released Claims against all Released Parties, and the dismissal of the Action with prejudice, Defendants agree to provide the following consideration to the Settlement Class:

A.     **Reimbursement For Service Adjustment Performed By An Authorized Audi Dealer Prior To Notice Date.**

1.     Subject to the proof and conditions required in Section II.A.2. below, a Settlement Class Member, who has not already been reimbursed by Defendants or a third-party, will be entitled to reimbursement of one hundred percent (100%) of the cost (parts and labor) that he or she has previously paid for a Service Adjustment (as defined in Section I.K. of this Agreement) performed on a Settlement Class Vehicle by an authorized Audi dealer prior to the Notice Date. Reimbursements are contingent upon the Court's final approval of this Settlement Agreement.

If part of the Service Adjustment was performed by an authorized Audi dealer, a Settlement Class Member will be entitled to reimbursement under this Section for the costs expended (and not already reimbursed) for the part(s) of the Service Adjustment that was/were performed, provided that it related to Oil Consumption.

A Settlement Class Member will not be eligible for reimbursement under this Section if the vehicle's service documentation indicates that the Service Adjustment was due to lack of or insufficient engine maintenance or failure to comply with the oil and oil filter maintenance requirements and time/mileage schedule of the vehicle's Warranty Maintenance Booklet and Owners' Manual.

2.     The following proof must be submitted, and conditions satisfied, in order for a Settlement Class Member to be eligible for a reimbursement under Section II.A.1. of this Agreement:

(a)     A Claim is mailed to the Claim Administrator, post-marked no later than one hundred fifty (150) days after the Notice Date.

(b)     The Claim contains a properly completed Claim Form.

(c)     If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim contains proof that the claimant is a Settlement Class Member.

(d)     The Claim contains the proper Proof of Repair Expense demonstrating the Settlement Class Member's right to receive a one hundred percent (100%) reimbursement under the terms of this Settlement Agreement.

(e)     The Settlement Class Member has not previously been reimbursed for his or her expenses as is provided by the Settlement.

(f)     The Service Adjustment was not performed as a result of engine damage due to abuse, alteration or modification, a collision or crash, vandalism and/or other impact.

**B.     Service Adjustment for Current Owners or Lessees within Eighteen (18) Months after the Notice Date.**

Effective on the Notice Date, all Settlement Class Members who are current owners or lessees of Settlement Class Vehicles which did not previously receive a Service Adjustment (as defined in Section I.K. of this Agreement), and who can submit documentary proof (in the form of service or maintenance records and/or invoices) of compliance with the oil and oil filter maintenance requirements and schedule[1] set forth in his/her vehicle's Warranty and Maintenance Booklet and Owner's Manual, may have the Service Adjustment performed on their Settlement Class Vehicles, free of charge, by an authorized Audi dealer.

Settlement Class Members who wish to have the Service Adjustment performed must contact an authorized Audi dealer to make an appointment, but the appointment must be made no later than eighteen (18) months after the Notice Date.  Appointments for the Service Adjustment which may exceed the eighteen (18) months must be performed within ninety (90) days to ensure the proper claim processing through the service dealer, as long as the appointment is made within eighteen (18) months after the Notice Date.

A Service Adjustment performed pursuant to this Section during the notice period precludes Settlement Class Members from opting out of the Settlement Class.

---

[1] With a permissible variance of ten percent (10%) of each required oil and oil filter maintenance mileage interval.

9

This Section and its benefits will not apply to Settlement Class Vehicles whose engines have been damaged as a result of abuse, alteration or modification, a collision or crash, vandalism and/or other impact.

**C.     Warranty Extension for Current Owners or Lessees**

Effective on the Notice Date, Volkswagen Group of America, Inc. will extend its New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover engine repairs needed to correct engine Oil Consumption, by an authorized Audi dealer, during a period of either (i) eight (8) years or eighty thousand (80,000) miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, or (ii) one (1) year or 12,000 miles (whichever occurs first) from the date the Service Adjustment referred to in Section II.B. above is performed, whichever date occurs later, provided that the Settlement Class member submits documentary proof (in the form of service or maintenance records and/or invoices) of compliance with the oil and oil filter maintenance requirements and schedule[2] set forth in his/her Settlement Class Vehicle's Warranty and Maintenance Booklet and Owner's Manual (hereinafter, the "Extended Warranty").

The extended warranty will cover any oil consumption tests performed by Audi dealers in connection with the Extended Warranty.

Repairs performed pursuant to this section during the notice period preclude Settlement Class Members from opting out of the Settlement Class.

The Extended Warranty is subject to the same terms and conditions set forth in the Settlement Class Vehicle's New Vehicle Limited Warranty and Warranty Information Booklet,

---

[2] With a permissible variance of ten percent (10%) of each required oil and oil filter maintenance mileage interval.

except that repairs under this subsection of the Agreement are permissible pursuant to the terms and time and mileage limitations herein.  Damages resulting from abuse, alteration or modification, a collision or crash, vandalism and/or other impact shall be excluded and not covered by the Extended Warranty.

### D.      Costs of Administration and Notice

Defendants shall be responsible for the costs of class notice and settlement administration.  In no event shall Class Counsel be responsible for any costs associated with class notice or settlement administration.  The parties retain the right to audit and review the claims handling by the Claim Administrator, and the Claim Administrator shall report to both parties jointly.

## III.   CLAIMS ADMINISTRATION

### A.      Administration

1.      For each approved reimbursement payment, the Claim Administrator, on behalf of Defendants, shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check for one hundred percent (100%) of the unreimbursed permissible expense paid by (or on behalf of) the Settlement Class Member, to be sent within seventy-five (75) days of the date of receipt of the Claim, or within sixty (60) days of the Effective Date, whichever is later.

2.      For any Claim that qualifies for less than the full amount of the one hundred percent (100%) reimbursement sought by the Settlement Class Member, the Claim Administrator shall, within the period set forth in section III.A.1. above, mail to the Settlement

Class Member, at the address listed on the Claim Form, a "Claim Decision and Option Selection Form" (substantially in the form attached hereto as Exhibit 4) stating:

      (a)     whether a full or partial reimbursement has been awarded;

      (b)     the amount of the proposed reimbursement;

      (c)     whether rejection of the reimbursement sought was based on:

            (i)     lack of or insufficient Proof of Repair Expense and/or other required proof;

            (ii)     error in the Claim Form; or

            (iii)     any other applicable reason impacting payment of the full amount of the one hundred percent (100%) reimbursement sought by the Settlement Class member.

      (d)     the Settlement Class Member's right to a Second Review of the Claim Administrator's decision; and

      (e)     the Settlement Class Member's right to attempt to cure the deficiency, except for a deficiency related to a belatedly postmarked Claim Form.

      3.     Any Settlement Class Member who receives a Claim Decision and Option Selection Form under section III.A.2, notifying him or her of his or her right to Second Review, may:

      (a)     Attempt to cure the deficiency stated by mailing the information and/or documentation identified as lacking in the Claim, postmarked within thirty (30) days of receipt of the letter.  Within seventy- five (75) days of receiving a cure attempt under this paragraph, or within sixty (60) days of the Effective Date, whichever is later, the Claim Administrator will either pay the full amount of the one hundred percent (100%) reimbursement if the cure information and/or documentation satisfies the criteria for said reimbursement under

this Agreement or will notify the Settlement Class Member by mail that the Claim has been finally denied and advising of the right to a Second Review;

    (b)  Initiate a Second Review of the Claim Administrator's decision by completing and mailing the Claim Decision and Option Selection Form, postmarked within thirty (30) days of receipt of the letter (or within thirty (30) days of receipt of written denial following a cure attempt under section III.A.3.(a)); or

    (c)  Accept the reimbursement offered, which acceptance will be presumed if no completed Claim Decision and Option Selection Form or cure attempt is received by the Claim Administrator within forty-five (45) days of receipt of the letter.

    4.  If a Settlement Class Member accepts the reimbursement offer under section III.A.3.(c), the Claim Administrator shall mail the Settlement Class Member a reimbursement check within seventy-five (75) days of the Effective Date or within forty-five (45) days after receipt of said acceptance by the Claim Administrator (either by the Claim Administrator's receipt of the completed Claim Decision and Option Selection Form from the Settlement Class Member accepting the reimbursement offered, or by the expiration of the above-referenced period of time in which acceptance will be presumed), whichever occurs later.

  **B.**  **Second Review**

    1.  A Settlement Class Member that initiates a Second Review can:

    (a)  rely solely on the documents submitted with the Claim; and

    (b)  submit a written statement in advance of the Claim Administrator's Second Review.

    2.  In each Second Review, the Claim Administrator shall review the decision with regard to the reimbursement, including the criteria required under this Settlement Agreement.

3.      The Second Review will be made by a senior level employee of the Claim Administrator who is a different employee from the one that made the initial determination. His/her Second Review will be independent of the initial review, and will not involve consultation with the employee who made the initial determination.

4.      The reviewer will review the Claim Administrator's initial determination and independently determine, based upon the claim and proof submitted by the Settlement Class Member, whether the initial determination should be adjusted.  The reviewer will have the authority to increase the reimbursement amount originally offered up to the full amount of the one hundred percent (100%) reimbursement sought, if the Settlement Class Member's claim meets the requirements under this Agreement for justifying that amount.  Under no circumstance shall the second reviewer decrease the reimbursement amount previously offered.

5.      The Second Review determination will be mailed to the Settlement Class Member within forty-five (45) days of the date in which the request for a Second review, with any supporting documentation, was received by the Claim Administrator, or within sixty (60) days of the Effective Date, whichever is later.  The Second Review determination will state the reason(s) why the initial determination was either modified or not changed. The Claim Administrator's decision shall be final and not appealable.

6.      Lead Class Counsel will have the right to reasonably monitor the claims administration process and ensure that the Claim Administrator is acting in accordance with the Settlement Agreement.

7.      Within sixty (60) days of notice to the parties of the Second Review decision or within seventy-five (75) days of the Effective Date, whichever occurs later, the Claim

Administrator shall, if a reimbursement is awarded, mail a check in the amount of the reimbursement award to the Settlement Class Member at the address listed on the Claim Form.

        8.      Defendants shall bear all costs of the Second Review

## IV.  NOTICE

       1.      **To Attorney General**:  In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, Defendants shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a Settlement Class Member resides.

       2.      **To The Settlement Class**:  Defendants will retain the Claim Administrator which shall be responsible for the following Settlement Class Notice program:

       (a)      Within one hundred (100) days after entry of the Preliminary Approval Order discussed in Section VIII of this Agreement, the Claim Administrator shall cause individual notice, substantially in the form attached hereto as Exhibit 5, together with the Claim Form and Request for Exclusion Form, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members.  Defendants may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Lead Class Counsel approves all changes and formatting.  The Claim Administrator shall be responsible for dissemination of the Class Notice.

       (b)      For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from R.L. Polk & Co. the names and current or last known addresses

of Settlement Class Vehicle owners and lessees which can reasonably be obtained, and the Vehicle Identification Numbers (VINs) of Settlement Class Vehicles.

(c)    Prior to mailing the Class Notice, an address search through the United States Postal Service's National Change of Address database will be conducted to update the address information for Settlement Class Vehicle owners and lessees.  For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided.  For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g. a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

(d)    The Claim Administrator shall diligently, and/or as reasonably requested by Lead Class Counsel or Defendants' counsel, report to Lead Class Counsel and Defendants' counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

(e)    The Claim Administrator shall, upon request, provide Lead Class Counsel and Defendants' counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section.

(f)    Within one hundred (100) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause a one-time publication of summary notice, substantially in the form attached hereto as Exhibit 6, to appear in the first section of the National Edition of USA Today.  Defendants shall bear the cost of the summary notice.

16

      (g)     The Claim Administrator shall implement a Settlement website containing

           (i)     instructions on how to submit a Claim for reimbursement;

           (ii)     instructions on how to contact the Claim Administrator, Defendants and Lead Class Counsel for assistance;

           (iii)     a copy of the Claim Form, Class Notice and this Settlement Agreement; and

           (iv)     any other relevant information agreed upon by counsel for the Parties.

3.     No later than ten (10) days before the Fairness Hearing, the Claim Administrator shall provide an affidavit to Lead Class Counsel and Defendants' counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of this Agreement or those required by the Court.

## V.     RESPONSE TO NOTICE

1.     **Objection to Settlement**

Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement must, by the date specified in the Preliminary Approval Order and recited in the Class Notice, file any such objection via the Court's electronic filing system, and if not filed via the Court's electronic system,  must mail the objection to the Court, and serve by first-class mail copies of the objection upon: Payam Shahian, Strategic Legal Practices, APC, Suite 700, 1875 Century Park East, Los Angeles, California 90067 on behalf of Class Counsel, and Jeffrey L. Chase, Herzfeld & Rubin, P.C., 125 Broad Street, New York, New York 10004 on behalf of Defendants, and the Claim Administrator, Rust Consulting, Inc. at P.O. Box 2865, Faribault, Minnesota 55021-8665.

Any objecting Settlement Class Member must include with his or her objection:

      (a)     the objector's full name, address, and telephone number,

(b)     the model, model year and vehicle identification number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

(c)     a written statement of all grounds for the objection accompanied by any legal support for such objection; and

(d)     copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years, including the full case name with jurisdiction in which it was filed and the docket number.  If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he or she shall affirmatively so state in the objection.

Moreover, subject to the approval of the Court, any objecting Settlement Class Member may appear, in person by counsel, at the final fairness hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for Class Counsel Fees and Expenses or incentive awards. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the fairness hearing by the objection deadline. The notice of intention to appear must include copies of any papers, exhibits, or other evidence and identity of witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the fairness hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance

18

with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, may be deemed to have waived any objections to the settlement and any adjudication or review of the Settlement, by appeal or otherwise.

      2.      **Request for Exclusion from the Settlement**

Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion"), substantially in the form attached hereto as Exhibit 7, to the Claim Administrator at the address specified in the Class Notice by the date specified in the Preliminary Approval Order and recited in the Class Notice.   To be effective, the Request for Exclusion must be sent to the specified address and:

      (a)      include the Settlement Class Member's full name, address and telephone number;

      (b)      identify the model, model year and vehicle identification number of the Settlement Class Vehicle; and

      (c)      specifically and unambiguously state his or her desire to be excluded from the Settlement Class.

Any Settlement Class Member who obtains a Service Adjustment pursuant to the terms of this settlement agreement after the receipt of the Notice gives up the right to exclude him or herself from this settlement.

Any request or exclusion must be postmarked on or before the deadline set by the Court, which date shall be approximately forty-five (45) days after the date of the mailing of Notice to Settlement Class Members.   Any Settlement Class Member, who fails to submit a timely and

19

complete Request for Exclusion sent to the proper address, shall be subject to and bound by this Settlement Agreement, the Release and every order or judgment entered relating to this Settlement Agreement.

The Claim Administrator will receive purported Requests for Exclusion and will follow guidelines developed jointly by Lead Class Counsel and the Defendants' counsel for determining whether they meet the requirements of a Request for Exclusion.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself or herself from the Settlement Class will be evaluated jointly by counsel for the parties, who will make a good faith evaluation, if possible.  Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution.  The Claim Administrator will maintain a database of all Requests for Exclusion, and will send the original written communications memorializing those Requests for Exclusion to Lead Class Counsel and Defendants' counsel.  The Claim Administrator shall report the names and addresses of all such persons and entities requesting exclusion to the Court, Lead Class Counsel and Defendant's Counsel within seven (7) days prior to the Final Hearing, and the list of persons and entities deemed by the Court to have excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

## VI.  WITHDRAWAL FROM SETTLEMENT

Plaintiffs or Defendants shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:

1.      Any objection to the proposed settlement is sustained and such objection results in changes to this Agreement that the withdrawing party deems in good faith to be material *(e.g.,* because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material);

2.      The preliminary or final approval of this Settlement Agreement is not obtained without modification, and any modification required by the Court for approval is not agreed to by both parties, and the withdrawing party deems any required modification in good faith to be material *(e.g.,* because it increases the cost of the Settlement, or deprives the withdrawing party of a benefit of the Settlement); a mere delay of the approval and/or implementation of the Settlement including a delay due to an  appeal procedure, if any, shall not be deemed material);

3.      Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and costs and expenses, if any, shall not be a basis for withdrawal; or

4.      The Defendants shall, in addition, have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than ten percent (10%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class.

To withdraw from this Settlement Agreement under this paragraph, the withdrawing party must provide written notice to the other party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this agreement.  In the event either party withdraws from the

Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in the Action or any other litigation for any purpose, including the existence, certification or maintenance of any purported class.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendants and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.  Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.    ADMINISTRATIVE OBLIGATIONS

A.    In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any claims submitted pursuant to the Settlement and any responses thereto.   The Claim Administrator, on a monthly basis, shall provide to Lead Class Counsel and Defendants' counsel summary information concerning the number of claims made, number of claims validated, number of returned claims for incompleteness, and total amount of payouts on claims made such that Lead Class Counsel and Defendants' counsel may inspect and monitor the claims process.

B.     Except as otherwise stated in this Agreement, all expenses incurred in administering this Settlement Agreement, including, without limitation, the cost of the Class Notice, and the cost of distributing and administering the benefits of the Settlement Agreement, shall be paid by Defendants.

## VIII.   SETTLEMENT APPROVAL PROCESS

### A.     Preliminary Approval of Settlement

Promptly after the execution of this Agreement, Lead Class Counsel shall present this Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit 3.

### B.     Final Approval of Settlement

If this Agreement is preliminarily approved by the Court, Lead Class Counsel shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in the form attached as Exhibit 2.

### C.     Payment of Plaintiffs' Counsel's Attorneys' Fees/Expenses and Incentive Awards

The parties agree that Class Counsel may apply to the Court for an award of reasonable attorneys' fees up to, but not to exceed, the total combined sum of $2,300,000 (two million three hundred thousand dollars), and expenses, inclusive of costs, incurred up to, but not to exceed, the total combined sum of $100,000 (one-hundred thousand dollars) (hereinafter collectively, "fees and expenses"),   Defendants will not oppose Class Counsel's application for attorneys' fees and expenses up to and not exceeding the above amounts, and Class Counsel may not be awarded,

and shall not accept, any amount for attorneys' fees and expenses in excess of the above amounts.  Each party shall have the right of appeal to the extent the award is inconsistent with this Agreement.

Plaintiffs believe that Defendants should pay service awards to the individual named Plaintiffs in the Action, each of whom have served as putative class representative in the Action. Upon finalization of this Settlement Agreement, the parties have agreed that Defendants will not oppose Plaintiffs' request, made as part of the Fee and Expense Application, that Defendants pay service awards of $2,500 (two thousand five hundred dollars) to each of the named Plaintiffs Ali Asghari, Daniel Tran, Yung Kim, Ara Dersarkissian and Katrina Noble , who have served as putative class representatives in the Action.

The attorneys' fees and expenses and settlement class representative incentive awards shall be paid by wire transfer, check or other mutually agreeable fashion to the designated Class Counsel payee ("Class Counsel payee") within thirty (30) days of the Effective Date or of the first date after all appellate rights with respect to the attorney fees and expenses and settlement class representative incentive awards have expired or been fully resolved, whichever occurs later. Said payment to the Class Counsel payee shall fully satisfy and discharge all obligations of Defendants with respect to payment of the attorneys' fees and expenses and settlement class representative incentive awards.

The Class Counsel payee will be selected by Lead Class Counsel within ten (10) days after the date the Final Approval Order is entered.  The Class Counsel payee shall distribute attorneys' fees and expenses awarded by the Court between and among Class Counsel as Class Counsel mutually agree amongst themselves.

The procedure for and the grant or denial or allowance or disallowance by the Court of the Fee and Expense Application are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any order or proceedings relating solely to the Fee and Expense Application, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the Effective Date of this Agreement. Payment of attorneys' fees and expenses and the settlement class representatives' incentive awards will not reduce the benefit being made available to the Settlement Class Members, and the Settlement Class Members will not be required to pay any portion of the settlement class representatives' incentive awards or attorneys' fees and expenses.

### D.    Release of Plaintiffs' and Settlement Class Members' Claims

(a)    Upon the Effective Date, the Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims.

(b)    Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of §1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

(c)    Upon the Effective Date, the Action will be deemed dismissed with prejudice.

25

## IX.  MISCELLANEOUS PROVISIONS

### A.  Effect of Exhibits

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

### B.  No Admission of Liability

Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute, or be construed as, any admission of the validity of any claim or any fact alleged in the Action or of any wrongdoing, fault, violation of law or liability of any kind on the part of Defendants and the Released Parties, or any admissions by Defendants and the Released Parties of any claim or allegation made in any action or proceeding against them.  The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendants, the Released Parties, the Plaintiffs or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except in an action or proceeding brought to enforce the terms of this Agreement.

### C.  Entire Agreement

This Agreement represents the entire agreement and understanding among the parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Agreement.  The parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.  No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

26

### D.      Arm's-Length Negotiations and Good Faith

The parties have negotiated all of the terms and conditions of this Agreement at arm's length.  The Parties agree that during the course of this Litigation, the Parties and their respective counsel have acted in good faith.  All terms, conditions and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the parties in entering into this Agreement.  The parties agree to act in good faith during the claims administration process.

### E.      Continuing Jurisdiction

The parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

### F.      Binding Effect of Settlement Agreement

This Agreement shall be binding upon and inure to the benefit of the parties and their representatives, attorneys, heirs, successors and assigns.

### G.      Extensions of Time

The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

### H.      Service of Notice

Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Defendants' counsel  or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

<u>As to Plaintiffs:</u>        Payam Shahian, Esq.
Strategic Legal Practices, APC
1875 Century Park East, Suite 700
Los Angeles, California 90067


<u>As to Defendants:</u>     Jeffrey L. Chase, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004


**I.      Authority to Execute Settlement Agreement**

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

**J.      Return of Confidential Materials**

All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed in accordance with the terms of the Confidentiality Stipulation and Order entered in the Action dated May 28, 2013 and June 11, 2013, respectively.

**K.      No Assignment**

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

**L.      No Third-Party Beneficiaries**

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement.

**M.     Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**N.     Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.


ON BEHALF OF PLAINTIFFS:

Dated:   June          June, 26      2014

Payam Shahian
STRATEGIC LEGAL PRACTICES
APC
1875 Century Park East, Suite 700
Los Angeles, California 90067


Jordan L. Lurie
CAPSTONE LAW APC
1840 Century Park East, Suite 450
Los Angeles, CA 90067


Dara Tabesh
ECOTECH LAW GROUP, P.C.
333 First Street, Suite C
San Francisco, CA 94105

Dated:   June     13     2014

Larry Lee
DIVERSITY LAW GROUP, APC
550 S. Hope Street, Suite 2655
Los Angeles, California 90071


Edward W. Choi
LAW OFFICES OF CHOI &
ASSOCIATES
3435 Wilshire Boulevard
Suite 2410
Los Angeles, California 90010-2006


Dated:   June         2014

Hovanes Margarian
LAW OFFICES OF HOVANES
MARGARIAN
13425 Ventura Blvd., Suite 303
Sherman Oaks, CA 91423


Dated:   June         2014

Ali Asghari


Dated:   June         2014

Daniel Tran


Dated:   June         2014

Yung Kim

30

Dated:   June          13          2014

Larry Lee
DIVERSITY LAW GROUP, APC
550 S. Hope Street, Suite 2655
Los Angeles, California 90071

Edward W. Choi
LAW OFFICES OF CHOI &
ASSOCIATES
3435 Wilshire Boulevard
Suite 2410
Los Angeles, California 90010-2006

Dated:   June          _____          2014

Hovanes Margarian
LAW OFFICES OF HOVANES
MARGARIAN
13425 Ventura Blvd., Suite 303
Sherman Oaks, CA 91423

Dated:   June          _____          2014          Ali Asghari

Dated:   June          _____          2014          Daniel Tran

Dated:   June          13          2014          Yung Kim

30

Dated:  June _____ 2014

_____
Larry Lee
DIVERSITY LAW GROUP, APC
550 S. Hope Street, Suite 2655
Los Angeles, California 90071

_____
Edward W. Choi
LAW OFFICES OF CHOI &
ASSOCIATES
3435 Wilshire Boulevard
Suite 2410
Los Angeles, California 90010-2006

Dated:  June _____ 2014

_____
Hovanes Margarian
LAW OFFICES OF HOVANES
MARGARIAN
13425 Ventura Blvd., Suite 303
Sherman Oaks, CA 91423

Dated:  June _____ 2014

_____
Ali Asghari

Dated:  June __17__ 2014

_____
Daniel Tran

Dated:  June _____ 2014

_____
Yung Kim

30

Dated:   June _____ 2014

Larry Lee
DIVERSITY LAW GROUP, APC
550 S. Hope Street, Suite 2655
Los Angeles, California 90071


Edward W. Choi
LAW OFFICES OF CHOI &
ASSOCIATES
3435 Wilshire Boulevard
Suite 2410
Los Angeles, California 90010-2006


Dated:   June _____ 2014

Hovanes Margarian
LAW OFFICES OF HOVANES
MARGARIAN
13425 Ventura Blvd., Suite 303
Sherman Oaks, CA 91423


Dated:   June 17 2014

Ali Asghari


Dated:   June _____ 2014

Daniel Tran


Dated:   June _____ 2014

Yung Kim


30

Dated:   June _____ 2014

Larry Lee
DIVERSITY LAW GROUP, APC
550 S. Hope Street, Suite 2655
Los Angeles, California 90071

Edward W. Choi
LAW OFFICES OF CHOI &
ASSOCIATES
3435 Wilshire Boulevard
Suite 2410
Los Angeles, California 90010-2006

Dated:   June   24   2014

Hovanes Margarian
LAW OFFICES OF HOVANES
MARGARIAN
13425 Ventura Blvd., Suite 303
Sherman Oaks, CA 91423

Dated:   June _____ 2014

Ali Asghari

Dated:   June _____ 2014

Daniel Tran

Dated:   June _____ 2014

Yung Kim

30

Dated:   June _____**23**_____ 2014          _____
                                            Ara Dersarkissian

Dated:   June _____ 2014          _____
                                            Katrina Noble


ON BEHALF OF DEFENDANTS:

Dated:   June _____ 2014          _____
                                            Jeffrey L. Chase
                                            HERZFELD & RUBIN, P.C.
                                            125 Broad Street
                                            New York, New York 10004


Dated:   June _____ 2014          _____
                                            Anthony M. Cooke, Esq.
                                            Assistant General Counsel
                                            Product and Regulatory Matters
                                            Volkswagen Group of America, Inc.


Dated:   June _____ 2014          _____
                                            Jeffrey L. Chase
                                            HERZFELD & RUBIN, P.C.
                                            On behalf of Audi AG and
                                            Volkswagen AG

31

Dated: June _____ 2014          Ara Dersarkissian

Dated: June _____ 2014          Katrina Noble


ON BEHALF OF DEFENDANTS:

Dated: June _____ 2014

Jeffrey L. Chase
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004


Dated: June _____ 2014

Anthony M. Cooke, Esq.
Assistant General Counsel
Product and Regulatory Matters
Volkswagen Group of America, Inc.


Dated: June _____ 2014

Jeffrey L. Chase
HERZFELD & RUBIN, P.C.
On behalf of Audi AG and
Volkswagen AG

31

Dated:   June   **23**   2014

Ara Dersarkissian

Dated:   June   _____   2014

Katrina Noble

ON BEHALF OF DEFENDANTS:

Dated:   June   JU/Y   14   2014

Jeffrey L. Chase
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004

Dated:   June   July   14   2014

Anthony M. Cooke, Esq.
Assistant General Counsel
Product and Regulatory Matters
Volkswagen Group of America, Inc.

Dated:   June   JU/y   14   2014

Jeffrey L. Chase
HERZFELD & RUBIN, P.C.
On behalf of Audi AG and
Volkswagen AG

31

# Exhibit 1 to Settlement Agreement

*Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.*

Case No. 2:13-cv-02529 (MMM)(VBKx)

# CLAIM FORM

## FOUR STEPS FOR SUBMITTING A CLAIM:

**(1)      Verify Your Contact Information:**

If your contact information is incorrect please correct it on the right:

*Name:* _____

*Address:* _____

_____

*City* _____

State _____ *Zip-code* _____

*Telephone number*      (      ) _____

*Vehicle ID Number (VIN):* _____

**(2)      Provide a repair receipt, service invoice and other paperwork (original or copies) demonstrating that a Service Adjustment (as explained in the accompanying Class Notice) was previously performed by an Audi dealer and that you paid money out-of-pocket for that Service Adjustment:**

Your documentation must show:

- The date and vehicle mileage at the time of the Service Adjustment;
- The name, address and telephone number of the Audi dealer that performed the Service Adjustment;
- The year, make, model and Vehicle ID Number (VIN) of your vehicle;
- Proof of ownership or lease of the vehicle;
- A description of the work performed, including a breakdown of the parts repaired or replaced and the parts and labor costs;
- Proof of payment including the amount paid for the Service Adjustment (parts and labor) and the date and manner of payment;
- If you were previously reimbursed in part for the Service Adjustment, the amount of the reimbursement, and the when, how and by whom you were partially reimbursed.

By signing this form, you are certifying under oath that you have not already been reimbursed for this Service Adjustment except as reflected on the documents you have submitted.

**(3)      Sign & Date:**

|  |  |
|---|---|
| Signature | Date |

**(4)      Mail Claim Form and Paperwork by _____ to:**

Settlement Administrator
_____
_____

For more information please view the Class Notice, call the Claims Administrator at _____ or visit www._____

# Exhibit 2 to Settlement Agreement

*Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.*

Case No. 2:13-cv-02529 (MMM)(VBKx)

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING THE SETTLEMENT AGREEMENT TO BE FILED ON A LATER DATE**

# Exhibit 3 to Settlement Agreement

*Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.*

Case No. 2:13-cv-02529 (MMM)(VBKx)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| ALI ASGHARI, DANIEL TRAN, YUNG KIM, ARA DERSARKISSIAN, and KATRINA NOBLE individually, and on behalf of a class of similarly situated individuals,<br><br>          Plaintiffs,<br><br><br>          vs.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AG, AND AUDI AG,<br><br>          Defendants. | Case No.:CV13-02529-MMM (VBKx)<br><br>**CLASS ACTION**<br><br>Hon. Margaret M. Morrow<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, SETTING A SETTLEMENT FAIRNESS HEARING, SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS**<br><br>Date:     October 20, 2014<br>Time:     10:00 am<br>Place:    Courtroom 780 |

This Court conducted a hearing on October 20, 2014 regarding Plaintiffs Ali Asghari, Daniel Tran, Yung Kim, Ara Dersarkissian, and Katrina Noble's Motion for Preliminary Approval of Class Action Settlement.  Strategic Legal Practices APC and Capstone Law APC (collectively, "Lead Class Counsel") appeared on behalf of Plaintiffs.   Herzfeld & Rubin, P.C. appeared on behalf of Defendants Volkswagen Group of America, Inc., Volkswagen AG, and Audi AG (collectively "Defendants") (collectively with Plaintiffs, the "Parties").

Having considered the Settlement Agreement ("Settlement" or "Settlement Agreement"), Plaintiffs' Motion for Preliminary Approval ("Motion"), all accompanying declarations and exhibits thereto, and all of the legal authorities and documents submitted in support of the Motion, and GOOD CAUSE appearing, IT IS HEREBY ORDERED that the Motion for Preliminary Approval of Class Action Settlement is GRANTED, subject to the following findings and orders:

1.     The Order incorporates by reference the definitions of the Settlement Agreement, and all terms defined therein shall have the same meaning as set forth in the Settlement Agreement.

2.     This Court has both subject matter jurisdiction and personal jurisdiction as to this Action and all Parties before it pursuant to 28 U.S.C. §1332(d)(2)(A).

3.     The terms of the Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of the Class Notice.  Thus, pending the Final Approval Hearing, the Court preliminarily approves the proposed Settlement.

4.     Plaintiffs have made a sufficient showing that a Settlement Class, as defined herein, should be certified for settlement purposes only, subject to the Final Approval Hearing.  The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure for the preliminary approval of the Settlement

and conditional certification of the proposed Settlement Class are met.

5.     The following Settlement Class is hereby conditionally certified for purposes of settlement only: "All United States purchasers and/or lessees of any 2009 model year Audi A4 vehicle, 2010 model year Audi A4 and Audi A5 vehicle, and 2011 model year Audi A4, Audi A5 and Audi Q5 vehicle, originally equipped with a factory-installed 2.0 liter TFSI longitudinal engine bearing Audi internal engine code CAEB ("CAEB Engine"), imported and distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States of America or Puerto Rico.  Specifically excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation; (b) all Judges who have presided over the Actions and their spouses; (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members; (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (j) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

6.     With respect to the Settlement Class, this Court finds that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the

claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      The Court conditionally appoints Plaintiffs Ali Asghari, Daniel Tran, Yung Kim, Ara Dersarkissian, and Katrina Noble as representatives of the above-described Settlement Class.

7.      The Court appoints Strategic Legal Practices APC and Capstone Law APC as Lead Class Counsel, and Diversity Law Group, P.C., Law Office of Choi & Associates, EcoTech Law Group P.C., and the Law Office of Hovanes Margarian as Class Counsel.  The Court finds that Class Counsel have demonstrable experience litigating, certifying, and settling class actions, and will serve as adequate counsel for the Class conditionally certified by this Order.

8.      The Court hereby approves and appoints Rust Consulting, Inc. as Claim Administrator.

9.      The Class Notice and publication of the summary notice, and provisions for disseminating those materials and information, described in and attached to the Settlement Agreement are consistent with Federal Rule of Civil Procedure Rule 23 and are approved.  These materials (a) provide the best notice practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the action, the terms of the proposed Settlement, and of their right to exclude themselves from, or object to, the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) fully comply with United States law. Defendants shall be responsible for providing notice of the proposed Settlement to the Settlement Class in accordance with the provisions of the Settlement Agreement.  The Parties may, by agreement, change the notices to

reflect operative hearing and opt-out dates or other presently unknown data without further approval from the Court.

10.    The Court orders that, on or before January 28, 2015, the Claim Administrator shall cause individual notice ("Class Notice"), in the form attached to the Settlement Agreement, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members as set forth in the Settlement Agreement. Defendants may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting.  The Claim Administrator shall be responsible for dissemination of the Class Notice in the manner stated above, and pursuant to the terms of the Settlement Agreement.  The Class Notice shall be accompanied by a claim form and request for exclusion in the forms attached to the Settlement Agreement.  As set forth in the Settlement Agreement, Defendants shall bear all costs associated with providing class notice.

10.    The Court orders that, on or before January 28, 2015, the Claim Administrator shall cause a one-time publication of summary notice, substantially in the form attached to the Settlement Agreement, to appear in the first section of the National Edition of USA Today.  Defendants shall bear the cost of the publication of summary notice.

11.    The Court has preliminarily reviewed the Parties' proposed Settlement and finds that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed Settlement to the Settlement Class and the scheduling of a formal fairness hearing.  The Court finds that the Parties entered into the Settlement in good faith, following arm's length negotiations between their respective counsel.

12.    Lead Class Counsel's Motion, on behalf of all Plaintiffs' Counsel

for attorneys' fees, costs and expenses, and on behalf of the Settlement Class representatives for service awards, as set forth in the Settlement Agreement, shall be filed by February 27, 2015.

13.   Plaintiffs' Motion for Final Approval of Class Action Settlement shall be filed by February 27, 2015.

14.   The Settlement Class Members shall have until March 16, 2015 to (a) submit their comments or objections to the settlement and/or to the Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses and/or Service Awards; or (b) opt out of the settlement class.  The procedures and requirements for commenting on and objecting to the settlement as well as for opting out of the settlement class shall be those listed in the Class Notice.

15.   Plaintiffs' and/or Defendants' respective Replies, if any, to any Settlement Class Member's comments or objections shall be filed by April 13, 2015.

17.   The hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Class Counsel Fees, Costs and Expenses and Settlement Class representative service awards, shall be heard on May 4, 2015.


**IT IS SO ORDERED**

Dated: October ___, 2014              _____
                                                        Hon. Margaret M. Morrow
                                                        United States District Judge

# Exhibit 4 to Settlement Agreement

*Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.*

Case No. 2:13-cv-02529 (MMM)(VBKx)

# CLAIM DECISION AND OPTION SELECTION FORM

*Asghari et al. v. Volkswagen Group of America, Inc. et al.*

You submitted a claim reflecting a total claimed amount of $ _____.

Your Reimbursement Award in the Class Action Settlement is $_____.

You were awarded less than full reimbursement for the following reason(s):

<br><br><br><br>

## YOUR OPTIONS (*Check Only One Box*):

☐   **Accept the Reimbursement Award listed above:**

To accept this award, you may either <u>do nothing</u> or, for faster processing, <u>check this first box and mail this form to the Claim Administrator at the address below</u>. If you accept the offer, *you may not later contest the amount of the reimbursement award*.

☐   **Submit additional information:**

If the Claim Administrator denied your claim in whole or in part because you did not submit sufficient proof, and you have additional documents that contain the information missing from your original claim (listed above), you can attempt to "cure" your claim by <u>checking this second box and mailing the documents and this form to the Claim Administrator at the address below</u> *within 30 days of receiving this letter*. If the paperwork contains the needed information (and you are otherwise eligible) you may receive a greater or full reimbursement. If not, *you will still have the option of requesting a second review*.

☐   **Request second review:**

You can request to have a second review by the Claim Administrator, who will decide whether to adjust your reimbursement amount. To request a second review, you should <u>check this third box and mail this form to the Claim Administrator at the address below</u> *within 30 days of receiving this letter*. You may submit a written statement with the form setting forth why you believe the decision on your claim should be different. The Claim Administrator's second review decision shall be final and non-appealable.

**Mail To**:          Claim Administrator

_____

_____

_____          _____

Signature and Print Name                    Date

For more information please view the Class Notice, call the Claims Administrator at _____
or visit www._____

# Exhibit 5 to Settlement Agreement

*Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.*

Case No. 2:13-cv-02529 (MMM)(VBKx)

<u>CLASS NOTICE</u>

*Ali Asghari et al. v. Volkswagen Group of America, Inc. et al.*

<u>Case No. CV13-02529</u>

<u>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA</u>

**If you are a current or former purchaser or lessee of a 2009 model year Audi A4 vehicle, a 2010 model year Audi A4 or A5 vehicle, or a 2011 model year Audi A4, A5 or Q5 vehicle, which was originally equipped with a factory-installed 2.0 liter TFSI longitudinal engine bearing Audi internal engine code CAEB ("CAEB engine"), you may be entitled to receive a benefit under a proposed class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This class action lawsuit claimed that certain 2009-2011 Audi vehicles consumed excessive or improper amounts of engine oil.  The class action, pending in the United States District Court for the Central District of California, is entitled *Ali Asghari et al. v. Volkswagen Group of America, Inc., et al.,* Case No. CV13-02529 (the "Action" or "Lawsuit").  The Court has authorized this Notice.

- The parties have agreed to settle the Action.  This Notice explains the lawsuit, the Settlement, your legal rights, available benefits, who is eligible for them, and how to get them. As a Class Member you have various options that you may exercise before the Court decides whether to approve the Settlement.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after appeals, if any, are resolved.

BASIC INFORMATION

**1.       Introduction:  Why you received this notice.**

According to records of Audi of America, Inc., an operating unit of Volkswagen Group of America, Inc. ("Audi"), you are a current or past purchaser or lessee of a 2009 model year Audi A4 vehicle, a 2010 model year Audi A4 or Audi A5 vehicle, or a 2011 model year Audi A4, A5 or Q5 vehicle, which was originally equipped with a factory-installed 2.0 liter TFSI longitudinal engine bearing Audi internal engine code CAEB ("CAEB engine"), imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico ("Settlement Class Vehicles"). A class action lawsuit was filed against Volkswagen Group of America, Inc., Audi AG and Volkswagen AG (collectively, "Defendants") claiming that certain Settlement Class Vehicles consumed excessive amounts of engine oil.  The Lawsuit claims that Settlement Class Vehicles were improperly designed, manufactured, distributed, marketed,

advertised and sold, that consumer statutes were violated and applicable warranties were breached. The Lawsuit seeks certification of a nationwide class of all present and former purchasers and lessees of Settlement Class Vehicles in the United States or Puerto Rico to pursue these claims.

Defendants have expressly denied these claims. Defendants maintain that the Settlement Class Vehicles do not consume excessive amounts of engine oil and are not defective. Defendants maintain that the Settlement Class Vehicles function(ed) in a proper manner, were properly designed, manufactured, distributed, marketed, advertised, warranted and sold, and that Defendants did not violate any warranties, statutes or laws.

Without any admission of liability or wrongdoing on the part of Defendants, the Court has preliminarily approved a nationwide settlement of the Lawsuit pursuant to which the following benefits will be available to past and present owners and lessees of Settlement Class Vehicles (as applicable) in the United States or Puerto Rico who do not timely exclude themselves from the Settlement:

(1)     Reimbursement for Service Adjustments Performed By An Authorized Audi Dealer Prior To The Date of This Notice: To the extent not previously reimbursed, a cash reimbursement will be available if, prior to the date of this Notice, you previously paid out-of-pocket for the following work performed on your Settlement Class Vehicle by an Audi dealer: (A) replacement of the crankcase pressure regulating valve, front crankshaft seal and front crankshaft bolt, and (B) updating the Engine Control Module software to match the new part(s) referred to in (A) above, consistent with any applicable Audi Technical Service Bulletin that is in effect at the time (hereinafter referred to collectively as "Service Adjustment").

If, prior to the Notice Date, part of the Service Adjustment was performed by an authorized Audi dealer, you will be entitled to reimbursement for out-of-pocket costs expended (and not previously reimbursed) for said part(s) of the Service Adjustment that was/were performed, provided that it related to oil consumption.

A cash reimbursement will not be available for Service Adjustments performed under this section if the vehicle's service documentation indicates that the Service Adjustment was due to a lack of or insufficient engine maintenance or failure to comply with the oil and oil filter maintenance requirements and time/mileage schedule of the vehicle's Warranty Maintenance Booklet and Owners' Manual.

To receive a cash reimbursement, you must mail in the enclosed Claim Form, together with the required proof. The proof required to be submitted is described in the Claim Form. The mailing must be postmarked by _____. Cash reimbursements will only be made if the Court approves the Settlement.

(2)     Free Service Adjustment for Current Owners or Lessees of Settlement Class Vehicles Within Eighteen (18) Months After The Date of This Notice: Effective on the date of this Notice, any current owner or lessee of a Settlement Class Vehicle that did not previously receive a Service Adjustment, and who submits documentary proof (in the form of service or maintenance records and/or invoices) of compliance with the oil and oil filter maintenance

2

requirements and schedule set forth in his/her vehicle's Warranty and Maintenance Booklet and Owner's Manual,[1] may have the Service Adjustment performed on his/her Settlement Class Vehicle, free of charge, by an authorized Audi dealer, provided he/she makes the appointment for the Service Adjustment with the dealer no later than eighteen (18) months after the date of this Notice, and the Service Adjustment is performed no later than ninety (90) days after said period.

The Service Adjustment must be performed by an authorized Audi dealer.  If you choose to have a Service Adjustment performed pursuant to this Settlement, you cannot opt-out of or exclude yourself from the Settlement Class.

You will not be eligible for a Service Adjustment if your vehicle's engine has been damaged as a result of abuse, alteration or modification, a collision or crash, vandalism and/or other impact.

(3)     <u>Warranty Extension for Current Owners or Lessees of Settlement Class Vehicles</u>: Effective on the date of this Notice, Audi will extend its New Vehicle Limited Warranties applicable to the Settlement Class Vehicles to cover engine oil consumption, by an authorized Audi dealer, during the <u>later</u> period of either (A) eight (8) years or eighty thousand (80,000) miles (whichever occurs first) from the date on which the vehicle was delivered to the original purchaser or original lessee, or if the vehicle was first placed in service as a "demonstrator" or "company" vehicle, the date such vehicle was first placed in service, or (B) one (1) year or twelve thousand (12,000) miles (whichever occurs first) from the date the Service Adjustment referred to in paragraphs 1.(1) and (2) above was performed, provided that the current owner or lessee submits documentary proof (in the form of service or maintenance records and/or invoices) of compliance with the oil and oil filter maintenance requirements and schedule set forth in his/her Settlement Class Vehicle's Warranty and Maintenance Booklet and Owner's Manual[2] (hereinafter, the "extended warranty").   Oil consumption tests performed by Audi dealers in connection with the extended warranty will also be covered during the above period.

Repair or replacement under this extended warranty must be performed by an authorized Audi dealer.  The extended warranty is subject to the same terms and conditions of the New Vehicle Limited Warranty and Warranty Information Booklet.  Damages resulting from abuse, alteration or modification, a collision or crash, vandalism and/or other impact shall be excluded and not covered by the extended warranty.

If you choose to have repairs performed on your vehicle under this extended warranty, you cannot opt-out of or exclude yourself from the Settlement Class.

2.      **Why is this a class action settlement?**

In a class action lawsuit, one or more persons, called Class Representatives, sue on behalf of other people who have similar claims. All of these people are considered to be part of a Class or Class Members. The Class Representatives and all Class Members are called the Plaintiffs and

---

[1] With a permissible variance of 10% of each required oil and oil filter maintenance mileage interval.

[2] With a permissible variance of 10% of each required oil and oil filter maintenance mileage interval.

the companies they sued are called the Defendants. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides agreed to a Settlement with no decision or admission of who is right or wrong. That way, all parties avoid the risks and cost of a trial, and the people affected (the Settlement Class Members) will get compensation quickly.

Counsel for Plaintiffs and the settlement Class Members have considered the substantial benefits from the Settlement that will be given to the Settlement Class Members and balanced these benefits with the risk of trial. They also considered the value of the immediate benefit to Settlement Class Members versus the costs and delay of litigation through trial and appeals and the risk that a nationwide class would not be certified. Even if Plaintiffs were successful in these efforts, Settlement Class Members may not receive any benefits for years

## WHO IS PART OF THE SETTLEMENT?

**3.     Am I in this Class?**

The Court has conditionally approved the following definition of a Settlement Class Member:

*All purchasers or lessees, in the United States or Puerto Rico, of any 2009 model year Audi A4 vehicle, 2010 model year Audi A4 or Audi A5 vehicle, or 2011 model year Audi A4, Audi A5 or Audi Q5 vehicle, which was originally equipped with a factory-installed 2.0 liter TFSI longitudinal engine bearing Audi internal engine code CAEB ("CAEB engine"), imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States of America or Puerto Rico.*

This Settlement applies only to Settlement Class Vehicles that were imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico.  It does not apply to vehicles that were imported into, distributed or originally sold in any other country. If you received this Notice, you are or were a purchaser or lessee of one or more of the above-referenced Settlement Class Vehicles that are covered under this Settlement.

Excluded from the Settlement Class are (a) anyone claiming personal injury, property damage and/or subrogation, (b) all Judges who have presided over the Action and their spouses, (c) all current employees, officers, directors, agents and representatives of Defendants, and their family members, (d) any affiliate, parent or subsidiary of Defendants and any entity in which Defendants have a controlling interest; (e) anyone acting as a used car dealer; (f) anyone who purchased a Settlement Class Vehicle for the purpose of resale; (g) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (h) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts, (j) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendants or any Released Parties from any Released Claims, and (k) any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

**4      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get more information. You can call _____ or **visit www.** _____ for more information.

**SETTLEMENT BENEFITS — WHAT YOU GET**

**5.      What does the Settlement provide?**

Audi has agreed to provide the settlement benefits described in paragraph 1 above. Additional details are provided in the next three sections.


**6.      Who is eligible for a free Service Adjustment and what is the deadline for having it performed?**

Effective immediately, any current owner or lessee of a Settlement Class Vehicle that did not previously receive a Service Adjustment, and who submits documentary proof (in the form of service or maintenance records and/or invoices) of compliance with the oil and oil filter maintenance requirements and schedule set forth in his/her vehicle's Warranty and Maintenance Booklet and Owner's Manual with a permissible 10% variance on the mileage interval requirements, may have the Service Adjustment performed on his/her Settlement Class Vehicle, free of charge, by an authorized Audi dealer.  This free Service Adjustment is available to qualified Class Members only if he/she makes the appointment for the Service Adjustment with the dealer no later than eighteen (18) months after the date of this Notice, and the Service Adjustment is performed no later than ninety (90) days after said period.

The Service Adjustment must be performed by an authorized Audi dealer.  You will not be eligible for a Service Adjustment if your vehicle's engine has been damaged as a result of abuse, alteration or modification, a collision or crash, vandalism and/or other impact.  If you choose to have a Service Adjustment performed pursuant to this Settlement, you cannot opt-out of or exclude yourself from the Settlement Class.


**7.      How does the extended warranty work?**

If you are a settlement Class Member who qualifies under this provision, you don't have to do anything in order to receive the extended warranty other than to bring your car to an authorized Audi dealer within the extended warranty period, together with documentary proof (in the form of service or maintenance records and/or invoices) showing that you have complied with the oil and oil filter maintenance requirements and schedule set forth in your vehicle's Warranty and Maintenance Booklet and Owner's Manual. [3]  Audi will notify authorized dealers regarding the Settlement and the extended warranty.

The extended warranty is subject to the same terms and conditions of the New Vehicle Limited Warranty and Warranty Information Booklet.  Damages resulting from abuse, alteration or modification, a collision or crash, vandalism and/or other impact shall be excluded and not covered by the extended warranty.

---

[3] With a permissible variance of ten percent (10%) of each required oil and oil filter maintenance mileage interval.

If you choose to have repairs performed on your vehicle under this extended warranty, you cannot opt-out of or exclude yourself from the Settlement Class.

**8.      Who can send in a claim for cash payments?**

Any resident of the United States or Puerto Rico who purchased or leased a Settlement Class Vehicle, and qualifies for a cash reimbursement as described in paragraph 1(1) above, can send in a claim, provided that he/she satisfies the criteria and requirements for the claim and follows the steps in paragraph 8 for submitting the claim on a timely basis.  Reimbursements will only be paid after the Court approves the Settlement and all appeals, if any, have been resolved.

**9.      How do I send in a claim for a cash reimbursement?**

To submit a claim for a cash reimbursement, do the following:

(1)    **Complete, sign, and date a Claim Form** (there is one enclosed with these materials and you can also get one at www._____). Keep a copy of the completed Claim Form; and

(2)    **Mail the Claim Form and your supporting documentation, such as repair record(s), receipts and proof of payment,** no later than _____ to the address on the Claim Form.

If you fail to mail in the Claim Form and supporting documents by the required deadline, you will not get paid. Sending in a Claim Form late or without documentation will be the same as doing nothing.

**10.     What type of supporting documentation must I submit with my Claim Form in order to receive a cash reimbursement?**

You must submit original or legible copies of receipts, invoices and/or other records ("documents") which contain the information required to prove that you are a Class Member and that your claim satisfies the requirements for a reimbursement.  The Claim Form, which is enclosed with this Notice, describes in detail the documentation and information that must be submitted in support of your claim.  The Claim Form is also available on the Settlement website at www. _____**.**

**11.     If I submit a claim, when do I get my reimbursement or learn whether I will receive a payment, and what are my rights?**

The Claim Administrator will determine whether your claim is approved and what amount, if any, will be reimbursed to you.  If the Claim Administrator determines your claim is to be paid in full or in part, your reimbursement will be mailed to you after the Settlement becomes final.  The Court will hold a Fairness Hearing on _____ to decide whether to approve the Settlement as fair, reasonable and adequate.  If the Court approves the Settlement, there may be appeals which may delay the conclusion of the case. It is always uncertain whether these appeals

can be resolved, and resolving them can take time, perhaps more than a year. The final or "Effective Date" of the settlement will be the first date after (i) the Court enters a Final Order and Judgment approving the Settlement and (ii) either all appeals have been finally determined or resolved in a manner which affirms the Final Order and Judgment, or no appeal was filed and the time to do so has expired.  Information about the progress of the case will be available at: **www._____.**

If the Claim Administrator approves your claim in full, a reimbursement check will be sent within 75 days after receipt of your claim or 60 days after the Effective Date of the Settlement, whichever is the later date.  If the Claim Administrator determines your claim should not be paid or should be paid only in part, you will be mailed a letter telling you the amount you are to receive, if any; the reason(s) why your claim was denied in whole or in part, and your rights to either accept the award of proceed further.  The letter will be mailed within the same period described above.  The letter will be accompanied by a Claim Decision and Option Selection Form which explains your rights and must be completed and mailed back to the Claim Administrator if you choose certain options described below.

If your claim is denied in whole or in part, you will have the following options to choose from:

(1)     You may accept the reimbursement award by either doing nothing or, for faster processing, checking the appropriate box on the form stating that you are accepting the award and mailing the form back to the Claim Administrator.  If you accept the reimbursement amount awarded by the Claim Administrator, you may not later contest the sufficiency of the amount awarded.

(2)     If the Claim Administrator denied your claim in whole or in part because you did not submit sufficient proof, and you have additional documents that contain the information missing from your original claim, you will have the opportunity to "cure" your claim by checking the appropriate box in the form and mailing the appropriate documents with the form to the Claim Administrator within 30 days of receiving the letter.  This affords you the advantage of having another opportunity to submit needed documents that were not submitted with your original claim.  If the paperwork contains the needed information (and you are otherwise eligible) you may receive a greater or full reimbursement.  If not, you will still have the option of requesting a second review of your claim.  You will receive the Claim Administrator's response within 75 days after their receipt of your completed form and accompanying documentation, or within 60 days after the Effective Date of the Settlement, whichever is the later date.

(3)     If you do not agree with the Claim Administrator's decision, you can request to have a second review of your claim by the Claim Administrator, who will decide whether to adjust your reimbursement amount.

a.     The second review will be made by a senior level employee of the Claim Administrator who is a different employee from the one who made the initial determination.

b.     To request a second review, you must check the appropriate box on the Claim Decision and Option Selection Form received from the Claim Administrator, and mail the form back to the Claim Administrator within (a) 30 days of receiving the initial letter, or (b) 30 days of your receipt of the Claim Administrator's response to your "cure" attempt discussed in paragraph (2) above.  You may rely solely on the documents and proof already submitted, and if

you choose, you may submit a written statement setting forth the reasons why you believe the decision on your claim should be different.

c.      The second reviewer will independently review the Claim Administrator's decision and determine, based upon the claim and materials you submitted, whether the initial determination should be adjusted.  The second reviewer will have the authority to increase the reimbursement amount originally offered, if your claim meets the requirements justifying that amount.

d.      The second review determination will be mailed to the Class Member within 45 days of the date in which the request for second review with supporting documentation was received by the Claim Administrator, or within 60 days after the Effective Date of the Settlement, whichever is the later date.  The determination will state the reasons why the initial determination was either adjusted or not changed.  If a reimbursement is awarded, the Claim Administrator will mail the reimbursement check to the Class Member within 60 days of the date that notice was given to the parties of the second review decision, or within 75 days after the Effective Date of the Settlement, whichever is the later date.  The Claim Administrator's decision shall be final and non-appealable.

e.      Lead Class Counsel will have the right to reasonably monitor the claims administration process to ensure that the Claim Administrator is acting in accordance with the Settlement Agreement.  Lead Class Counsel will be available to confer with class members, and with Defendants' counsel, regarding any claim a class member believes was incorrectly denied.

The Defendants will bear all costs of the Claim Administration including any second review of your claim.

To check on the status of your claim, you can call the Claim Administrator at _____.

## 12.      What am I giving up to stay in the Class?

Unless you exclude yourself, you are staying in the Class.  By staying in the Class, you can avail yourself of any and all benefits under the Settlement to which you are entitled, and you will be releasing the Defendants and all "Released Parties" from any liability, cause of action, claim, right to damages or other relief, and any other legal rights to which you may otherwise be entitled under the law(s) of your state or any other applicable law, relating to oil consumption of your Settlement Class Vehicle(s), including but not limited to the engine and its components as they relate to oil consumption.  You will not be able to commence or be a part of any lawsuit or arbitration, or pursue any claim, against Defendants and any "Released Parties" relating to such matters.  Staying in the Class also means that all of the Court's orders will apply to you and legally bind you.  However, the Settlement will not release any claims for personal injury or damage to property (other than damage to the Settlement Class Vehicle related to oil consumption).

The scope of the claims and causes of action being released ("Released Claims") and the parties being released ("Released Parties") are set forth in Sections I.N. and I.O. of the Settlement

Agreement, a copy of which is available on the Settlement website, **www.
_____**, should you wish to review it.  You may also contact Lead Class
Counsel, whose contact information is set forth below, with any questions you may have:

Strategic Legal Practices, APC
c/o Payam Shahian
1875 Century Park East,
Suite 700
Los Angeles, CA 90067
(310) 277-1040


-or-


Capstone Law APC
c/o Jordan L. Lurie
1840 Century Park East,
Suite 450
Los Angeles, CA 90067
(310) 556-4811

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.     How do I exclude myself from this Settlement?**

To exclude yourself from the Settlement, you must fully complete, sign and return the enclosed
Request for Exclusion Form by U.S. mail (or an express mail carrier) postmarked no later than
_____ to:

**SETTLEMENT ADMINISTRATOR**
_____

_____

If you timely submit your fully completed and signed Request for Exclusion Form by U.S. mail
or express mail, you will not be able to receive any benefits of the Settlement and you cannot
object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.     If I don't exclude myself, can I sue later?**

No.  If you do not timely exclude yourself from the Settlement, you cannot sue for any matters,
legal claims or damages (other than for personal injury or damage to property) relating to oil
consumption of your Settlement Class Vehicle(s).

**15.     If I exclude myself can I get the benefits of this Settlement?**

No.  If you exclude yourself from the Class you will not be able to take advantage of any benefits
from this Settlement.  If you exclude yourself, you should not submit a Claim Form to ask for
money from a class action settlement.  You cannot do both.

9

## THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

The Court has appointed the law firms of Strategic Legal Practices APC, Capstone Law, APC, Diversity Law Group, P.C., the Law Office of Choi & Associates, Eco Tech Law Group, P.C. and the Law Office of Hovanes Margarian to represent the Class which includes you and all other Settlement Class Members.   Together these law firms are called "Class Counsel." However, if you want your own lawyer, you may hire one at your own cost.

**17.     How will the lawyers be paid and will the Plaintiff Settlement Class representatives receive incentive payments?**

Class Counsel will apply to the Court, on behalf of all counsel for plaintiffs, for an award of reasonable attorney fees in an amount up to but not exceeding a collective combined total sum of two million three hundred thousand dollars ($2,300,000), and expenses, inclusive of costs, in an amount up to but not exceeding a collective combined total sum of one hundred thousand dollars ($100,000) (collectively referred to herein as "fees and expenses"), based upon factors that will be provided in Class Counsel's application for fees and expenses.  Defendants have agreed not to oppose Class Counsel's application for fees and expenses not exceeding the above collective combined amounts and Class Counsel has agreed not to accept any fees and expenses in excess of those amounts.  You won't have to pay these fees and expenses.  Any fees and expenses awarded to Class Counsel will not affect your settlement amount.

Class Counsel will also apply to the Court for service awards of $2,500 for each of the named Plaintiffs—Ali Asghari, Daniel Tran, Yung Kim, Ara Dersarkissian, and Katrina Noble—who have conditionally been approved as Settlement Class Representatives, for their initiative and effort in pursuing this litigation for the benefit of the Class.  Any award for Class Counsel fees and expenses and any service awards will be paid by Defendants and will not reduce any benefits available to you under the Settlement.

Class Counsel's motion for fees and expenses and Settlement Class Representative service awards will be filed by _____, and will be made available for review at www._____.com.

## SUPPORTING OR OBJECTING TO THE SETTLEMENT

**18.     How do I tell the Court that I like or dislike the Settlement?**

If you are a member of the Class and do not request to be excluded, you can tell the Court you like the Settlement and it should be approved, or that you object to the Settlement or Class Counsel's requests for fees and expenses and class representative service payments, if you do not like a part of it. The Court will consider all comments from Class Members.  You are not required to submit anything to the Court unless you are objecting or wish to be excluded from the Settlement.

To object, you must, no later than _____, send a letter to the Court with copies to the Lead Class Counsel and defense counsel listed below, and to the Claim Administrator at the address contained in this Notice, saying that you are objecting to the Settlement in *Ali Asghari et al. v. Volkswagen Group of America, Inc., et al.,* Case No. CV13-02529, and your objection must include your full name, current City and State of residence, telephone number, the model year and VIN of your vehicle and proof that you own(ed) or lease(d) it, a statement of all your factual and legal grounds for objecting, any documents and/or briefs supporting your objection, a statement of whether you intend to appear at the Fairness Hearing, and your signature. You must also provide a list of all other objections (if any) you made within the past five (5) years to any class action settlement in any court in the United States, including, for each, the full case name, the court in which the case was pending and the docket number, or if you have not made any such prior objection, an affirmative statement to that effect.  Your comment(s) must also state the identity of all attorneys representing you, if any, who will appear at the Fairness Hearing. Be sure to send your objection via the Court's electronic filing system, and if not filed via the Court's electronic filing system, must mail the objection to the four different places set forth below such that it is received no later than _____:

| No. 1 Court | No. 2 Class Counsel | No. 3 Defense Counsel | No. 4 Claims Administrator |
|---|---|---|---|
| Clerk of the Court, United States District Court for the Central District of California 312 North Spring Road Los Angeles, CA 90012-4701 | Strategic Legal Practices, APC c/o Payam Shahian 1875 Century Park East, Suite 700 Los Angeles, CA 90067 (310) 277-1040 | Herzfeld & Rubin, P.C. c/o Jeffrey L. Chase 125 Broad Street New York, NY 10004 | Rust Consulting, Inc. 201 S. Lyndale Avenue Faribault, MN 55021 |

If you intend to appear at the Fairness Hearing personally or through counsel, you or your attorney must, prior to the _____ deadline, file with the Clerk of the Court and serve on all counsel designated below a notice of intention to appear at the hearing.  The notice of intention to appear must include copies of any papers, exhibits or other evidence and identity of witnesses that will be presented at the hearing.

If you do not submit a written comment on or objection to the proposed Settlement or the application of Class Counsel for attorney fees and expenses and/or class representative service awards, in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing and to appeal from any order or judgment of the Court concerning the matter.

**19.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not

want to be part of the Class and the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## FAIRNESS HEARING

### 20.    When and where will the Court decide to approve the Settlement?

The Court will hold a Fairness Hearing at _____ a.m. on _____, in Courtroom ___, United States District Court for the Central District of California, _____.  At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate.  If there are objections, the Court will consider them.  The Court may listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel and whether to approve service awards. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take for the Court to make its decision.

### 21.    Do I have to come to the hearing?

No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense provided you have not excluded yourself from the Settlement.  If you send an objection, you do not have to come to Court to talk about it.  As long as you sent your written objection such that it is received on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 22.    May I speak at the hearing?

If you do not exclude yourself, you may ask the Court's permission to speak at the hearing concerning the proposed Settlement or the application of Class Counsel for attorney fees and expenses and class representative service payments.  To do so, you must send in a letter notice saying that it is your intention to appear at the Fairness Hearing in *Ali Asghari et al. v. Volkswagen Group of America, Inc., et al.,* Case No. CV13-02529.  The letter notice must state the position you intend to present at the hearing, state the identities of all attorneys who will represent you (if any), and must include your full name, current City and State of residence, telephone number, model and model year and VIN of your vehicle(s), and your signature.  You must send your letter notice to the Clerk of the Court, Class Counsel, and defense counsel at the addresses listed under question 18 above, such that it is received no later than _____ .  You may combine this notice and your comments (described under question 18) in a single letter. You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 23.    What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, and release the claims described under question 11.

## ADDITIONAL INFORMATION

**24.**      Visit the **website** at **www.**_____, where you can find extra claim forms and more information on this litigation and Settlement. Updates regarding the case will also be available on the website. You may also call the Claims Administrator at_____.

# Exhibit 6 to Settlement Agreement

*Ali Asghari, et al. v. Volkswagen Group of America, Inc., et al.*

Case No. 2:13-cv-02529 (MMM)(VBKx)

## SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING

*Asghari et al. v. Volkswagen Group of America, Inc. et al.*
United States District Court, Central District of California - Case No. CV11- 02529

TO:    **All purchasers and lessees, in the United States or Puerto Rico, of any 2009 model year Audi A4 vehicle, 2010 model year Audi A4 or Audi A5 vehicle, or 2011 model year Audi A4, Audi A5 or Audi Q5 vehicle, which was originally equipped with a factory-installed 2.0 liter TFSI longitudinal engine bearing Audi internal engine code CAEB ("CAEB engine"), imported and distributed by Volkswagen Group of America, Inc. for sale or lease in the United States or Puerto Rico.**

If you are in the class of people defined above ("Settlement Class"), you are covered by a proposed Settlement of this class action.  A Class Notice that describes in more detail the Settlement terms, conditions, benefits, and your rights to object to or request exclusion from the Settlement, has been mailed to persons and entities within the Settlement Class who can reasonably be identified. If you are a member of the Settlement Class and did not receive a mailed Class Notice and Claim Form, you may receive one free of charge by writing to: Settlement Administrator, _____ or by calling _____ toll free, or by downloading a copy from www._____.

**The Litigation:**  This class action lawsuit claimed that certain of the 2009-2011 Audi model vehicles may consume excessive amounts of engine oil.  The Defendants have denied these claims.  The Court has not decided in favor of either side and has not decided whether this lawsuit can or should be certified as a class action for trial.

**The Settlement:**  After pre-trial discovery and extensive arm's-length negotiations, both sides have agreed to a Settlement which the Plaintiffs, as Class Representatives, and their attorneys, as Class Counsel, believe to be fair and adequate.  Pursuant to the Settlement terms, members of the Settlement Class may be eligible to receive, subject to specified conditions and documentary proof, the following:

(1) If the settlement is approved by the court, a reimbursement of out-of-pocket money paid to an authorized Audi dealer prior to _____ [the Notice Date], for the performance of a Service Adjustment (defined as a replacement of the crankcase pressure regulating valve, front crankshaft seal and front crankshaft bolt, and updating the engine control module software to match the new part(s)) on a Settlement Class Vehicle (hereinafter, "Service Adjustment");

(2) Effective _____[Notice Date], current owners or lessees whose Settlement Class Vehicles did not previously receive a Service Adjustment will be entitled to receive a Service Adjustment from an authorized Audi dealer, free of charge, if they provide (i) documentary proof of compliance with the oil and oil filter maintenance requirements and schedule (with allowance for a 10% variance) set forth in the Settlement Class Vehicle's Warranty and Maintenance Booklet and Owner's Manual and (ii) make the appointment for the Service Adjustment within 18 months of _____[Notice Date].  If any appointments made within the 18 month period call

for the Service Adjustment to be performed after that period, it must be performed within 90 days of the date the appointment is made;

(3) Effective _____[Notice Date], Audi will extend the New Vehicle Limited Warranty for Settlement Class Vehicles to cover repair or replacement, by an authorized Audi dealer, needed to correct excessive engine oil consumption during a period of 8 years or 80,000 miles (whichever occurs first) from the In-Service Date of the Settlement Class Vehicle, or 1 year or 12,000 miles (whichever occurs first) from the date of the Service Adjustment, whichever is the later date, upon proof of compliance with the oil and oil filter maintenance requirements and schedule (with allowance for a 10% variance) set forth in the vehicle's Warranty Maintenance Booklet and Owner's Manual.  The warranty extension is subject to the same terms and conditions of the New Vehicle Limited Warranty, and will also cover any oil consumption test performed by Audi dealers in connection therewith.

Class Members who receive a Service Adjustment or extended warranty repair after _____ will not be able to exclude themselves from the Settlement.

**Your Options:**  You may remain in the Settlement Class, object to the Settlement and/or to the requests for attorney fees/costs and/or class representative service awards, or exclude yourself from the Settlement.  If you want to exclude yourself from the Settlement, your request for exclusion must be postmarked by _____.  If you exclude yourself, you will not receive any Settlement benefits and you cannot object to the Settlement.  If you remain in the Settlement Class, and are eligible to submit a reimbursement claim, your completed claim form and supporting documentation must be postmarked by _____.  All Settlement Class Members who do not timely request exclusion will be bound by the Settlement, the release of claims set forth in the Settlement, and the orders of the Court. Any objections to the Settlement must be postmarked by _____, 2013.

**Plaintiff Class Representatives and Class Counsel:**

The Court has preliminarily appointed the named Plaintiffs as Class Representatives, the law firms of Strategic Legal Practices APC and Capstone Law APC as Lead Class Counsel, and Eco Tech Law Group, P.C., Diversity Law Group, Law Offices of Choi & Associates and Law Offices of Hovanes Margarian as Class Counsel (collectively, "Plaintiffs' Counsel").

**The Fairness Hearing:**  On  _____, at _____, the Court will hold a fairness hearing at the United States District Court for the Central District of California, 255 East Temple Street, Los Angeles, CA 90012 in Courtroom 780, to determine whether the proposed Settlement should be approved and to consider the application of Plaintiffs' Counsel for attorneys' fees and expenses totaling $2,300,000 and $100,000, respectively, and for service awards of $2,500 to each of the Plaintiff Class representatives.  The mailed Class Notice and settlement website contain additional details about the hearing, the proposed Settlement, the class certification, and the legal rights of Settlement Class Members.

**Complete Notice and Other Information:**

**THIS NOTICE IS ONLY A SUMMARY**. **DO NOT CALL THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION.** Additional information about the Settlement, your rights and options, and applicable deadlines can be found in the mailed Class Notice, by contacting the Settlement Administrator (_____), and/or by visiting the Settlement website, www._____.

Dated: _____, 2014

BY ORDER OF THE COURT

Clerk